## UNITED STATES v. KORNFELD.
### Civ. A. No. 3310.

United States District Court
M. D. Pennsylvania.

Feb. 1, 1952.

Conrad G. Moffett, Philadelphia, Pa., for plaintiff.

William Zacharellis (of Bialkowski, Bialkowski & Bialkowski), Scranton, Pa., for defendant.

WATSON, Chief Judge.

This suit was filed under Sections 1(b), 205(a) and 205(c) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, Sec. 901 et seq., and Section 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §§ 1881–1902.

Plaintiff seeks an injunction to enjoin Defendant from violating the Housing and Rent Act of 1947 and that Defendant make restitution to certain tenants alleged to have been charged more than the maximum legal rental. The Plaintiff does not seek to recover damages in this action, but requests that in those instances where restitution to the tenants is not appropriate or feasible, the sum be paid to the Plaintiff.

On the basis of the pleadings and the testimony, the Court makes the following special Findings of Fact:

1. At all times material hereto, the Defendant, Louis Kornfeld, was the landlord of controlled housing accommodations within the Scranton-Wilkes-Barre Defense Rental Area, as more fully described in subsequent findings of fact.

2. Until July 1, 1947, there was in effect the Emergency Price Control Act of 1942, as amended, and the Rent Regulation for Housing issued pursuant thereto, which said Act and Regulation established maximum rents for housing accommodations within the Scranton-Wilkes-Barre Defense Rental Area.

3. Since July 1, 1947, there was and still is in effect the Housing and Rent Act of 1947, as amended, and the Controlled Housing Rent Regulation issued pursuant thereto, which said Act and Regulation established maximum legal rents for housing accommodations within the Scranton-Wilkes-Barre Defense Rental Area.

4. The Court herein enumerates in separate findings of fact as to each dwelling unit, the tenant occupying same, the rental period in question, the maximum legal rent for the unit, the rent received from the tenant and the total amount of the overcharges.

5. Dwelling Unit #1—422 Adams Avenue, Scranton, Pennsylvania:
(a) Tenant—Arthur and Louise Hines.
(b) Period—April 1, 1948 to June 30, 1948.
(c) Maximum legal rent—
(1) April 1, 1948 to April 30, 1948—$40.00.
(2) May 1, 1948 to June 30, 1948 —$47.50 per month.
(d) Rent received—$75.00 per month.
(e) Total overcharges—$90.00.

6. Dwelling Unit #2—434 Adams Avenue,
Scranton, Pennsylvania:
(a) Tenant—Arthur and Louise Hines.
(b) Period—April 1, 1948 to June 30, 1948.
(c) Maximum legal rent—
   (1) April 1, 1948 to April 30, 1948—$37.50.
   (2) May 1, 1948 to June 30, 1948 —$47.50 per month.
(d) Rent received—$75.00 per month.
(e) Total overcharges—$92.50.

7. Dwelling Unit #3—424–426 Adams Avenue,
Scranton, Pennsylvania:
(a) Tenant—Patrick Grant.
(b) Period—April 1, 1948 to June 30, 1948.
(c) Maximum legal rent—
   (1) April 1, 1948 to April 30, 1948—$75.00 per month.
   (2) May 1, 1948 to June 30, 1948 —$95.00 per month.
(d) Rent received—$150.00 per month.
(e) Total overcharges—$185.00.

8. Dwelling Unit #4—519 South Washington Avenue,
Scranton, Pennsylvania—
First floor, right rear apartment:
(a) Tenant—Joseph and Helen Gervasi.
(b) Period—November 1, 1947 to December 15, 1948.
(c) Maximum legal rent—
   (1) Nov. 1, 1947 to Sept. 30, 1948—$25.00 per month.
   (2) Oct. 1, 1948 to Dec. 15, 1948 —$24.00 per month.
(d) Rent received—$30.00 per month.
(e) Total overcharges—$73.00.

9. Dwelling Unit #5—519 South Washington Avenue,
Scranton, Pennsylvania—
First floor, left front apartment:
(a) Tenant—Bessie Summers.
(b) Period—December 1, 1947 to December 15, 1948.
(c) Maximum legal rent—
   (1) Dec. 1, 1947 to Sept. 30, 1948—$32.00 per month.
   (2) Oct. 1, 1948 to Dec. 15, 1948 —$26.00 per month.
(d) Rent received—
   (1) Dec. 1, 1947 to Aug. 1, 1948—$40.00 per month.
   (2) Sept. 1, 1948 to Dec. 15, 1948—$35.00 per month.
(e) Total overcharges—$103.00.
(f) In April, 1948, Defendant had agreed to allow the tenant three months credit on her rent in settlement of admitted overcharges, but shortly thereafter Defendant threatened to evict the tenant, whereupon tenant's son, Milton Summers, sent a check to the Defendant for $96.00 in order to withhold eviction. Tenant therefore received no credit for overcharges exacted by the Defendant.

10. Dwelling Unit #6—519 South Washington Avenue,
Scranton, Pennsylvania—
First floor, left rear apartment:
(a) Tenant—Anna Smulowitz.
(b) Period—July 26, 1946 to November 30, 1947.

(c) Maximum legal rent—$15.00 per month.

(d) Rent received—$17.00 per month.

(e) Total overcharges—$32.00.

(f) Defendant has already made restitution of $30.00 to the tenant.

11. Dwelling Unit #7—519 South Washington Avenue,
Scranton, Pennsylvania—
Second floor, right front apartment:

(a) Tenant—Morris Rosen.

(b) Period—
(1) June 1, 1946 to June 30, 1946.
(2) July 26, 1946 to March 30, 1948.

(c) Maximum legal rent—$22.00 per month.

(d) Rent received—$26.00 per month.

(e) Total overcharges—$84.00.

(f) The Defendant has already made restitution of $40.00 to the tenant.

12. Dwelling Unit #8—519 South Washington Avenue,
Scranton, Pennsylvania—
Second floor, left front apartment:

(a) The Plaintiff moved to strike this claim from its complaint and the Court agreed to its dismissal.

13. Dwelling Unit #9—118 Chestnut Street,
Dunmore, Pennsylvania—
Second floor, front apartment:

(a) The Plaintiff moved to strike this claim from its complaint and the Court agreed to its dismissal.

## Conclusions of Law.

1. This Court has jurisdiction of the parties and of the subject matter of this action.

2. The Defendant has wilfully violated the Emergency Price Control Act of 1942, as amended, and the Rent Regulation for Housing issued pursuant thereto, by demanding and receiving rents in excess of the maximum legal rents fixed under said Rent Regulation.

3. The Defendant has willfully violated the Housing and Rent Act of 1947, as amended, and the Controlled Housing Rent Regulation issued pursuant thereto, by demanding and receiving rents in excess of the maximum legal rents fixed under said Rent Regulation.

4. The Plaintiff, United States of America, is entitled to recover for the benefit of the following named persons the respective amounts set opposite their names, being the amount charged and received from said tenants by Defendant, Louis Kornfeld, in excess of the maximum legal rent authorized to be charged or received from them—

| | |
|---|---|
| Arthur and Louise Hines | $182.50 |
| Patrick Grant | 185.00 |
| Joseph and Helen Gervasi | 73.00 |
| Bessie Summers | 103.00 |
| Anna Smulowitz | 2.00 |
| Morris Rosen | 44.00. |

5. Plaintiff is entitled to an injunction enjoining Defendant from receiving rents in excess of the maximum legal rents permitted by the Housing and Rent Act of 1947, and the Controlled Housing Rent Regulation issued pursuant thereto.

6. Defendant shall pay the costs.

Counsel for the Plaintiff will submit a decree in accordance with this Opinion.